**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEVEN GOMO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NETAPP, INC., et al.,<br><br>Defendants. | Case No. 17-cv-02990-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 46] |

Defendants have filed a motion for relief (ECF 46) from a nondispositive pretrial order issued by Magistrate Judge Nathanael M. Cousins (ECF 45). Plaintiffs have filed opposition to the motion (ECF 50). The motion for relief is DENIED for the reasons discussed below.

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "The district court reviews the magistrate's order for clear error," and "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Defendants contend that Judge Cousins' order issued October 23, 2018 (ECF 45) was clearly erroneous and contrary to law. Judge Cousins' order addressed a discovery letter brief (ECF 44) that Defendants filed on October 19, 2018. The letter brief's introductory paragraph framed the issue presented to Judge Cousins as follows:

Dear Judge Cousins:

Defendants NetApp, Inc. ("NetApp") and NetApp, Inc. Executive Retiree Health Plan ("Plan") submit to the Court for assistance and resolution a discovery dispute regarding Defendants' requests for the following four categories of documents:

1. All documents regarding medical premiums and expenses Plaintiffs and their eligible dependents paid since 2017 and any reimbursements sought or obtained from the Plan ("Medical Documents").
2. All documents Jenny First ("First"), assistant to Plaintiff Warmenhoven, exchanged with Plaintiffs related to the Plan ("First's Documents").
3. All native format electronic files, including emails and calendar entries, related to the Plan in Warmenhoven's possession, custody, and control (including from First's work computer) ("Warmenhoven's Files").
4. All documents related to preserving evidence ("Preservation Documents") sent to people or entities other than Plaintiffs.

Defs.' Discovery Letter Brief, ECF 44. The letter went on to describe communications with Plaintiffs' counsel and to expand on the dispute in multiple paragraphs sub headed "Summary of Lawsuit," "Plaintiffs and First Have Not Produced Responsive, Relevant Documents," "Each of Four Categories Listed Above is Relevant and Crucial," "Plaintiffs Have Not Abided By Their Discovery Obligations," and "Conclusion." *Id.*

Judge Cousins addressed Defendants' letter brief in a text-only minute entry stating as follows: "Order denying 44 Discovery Letter Brief entered by Judge Nathanael M. Cousins. The discovery motion is late and not excused. Fact discovery closed October 1."

Judge Cousins' ruling is consistent with Civil Local Rule 37-3, which provides that "no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off." Civ. L.R. 37-3. As Judge Cousins noted, the discovery cut-off in this case was October 1, 2018, and Defendants' letter brief was filed more than 7 days later, on October 19, 2018. Consequently, Defendants' letter brief, seeking to compel discovery responses to four categories of documents, was untimely.

In their motion for relief from Judge Cousins' order, Defendants assert that Judge Cousins misconstrued their letter brief. According to Defendants, the letter brief was not a motion to *compel discovery*, and thus it was not subject to the Civil Local Rules' requirement that it be filed within 7 days after the close of fact discovery. Instead, Defendants assert, the letter brief was a motion to compel Plaintiffs to comply with their *obligations to supplement*.

2

The duty to supplement is set forth in Federal Rule of Civil Procedure 26(e), which requires a party to supplement a disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect," or "as ordered by the court." Fed. R. Civ. P. 26(e)(1). A party's failure to comply with its obligation to supplement is addressed in Federal Rule of Civil Procedure 37(c), which precludes the party who fails to supplement from using "that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court may impose other appropriate sanctions for failure to supplement "on motion and after giving an opportunity to be heard." *Id.* Because the duty to supplement extends beyond the close of fact discovery, Defendants contend that their letter brief was not untimely.

It appears to this Court that Defendants are recasting the motion they presented to Judge Cousins, which he reasonably understood to be a motion to compel discovery. As set forth above, the letter brief framed the issue as "a discovery dispute regarding Defendants' requests for the following four categories of documents." Defs.' Discovery Letter Brief, ECF 44. The letter brief cited neither Rule 26(e)(1), imposing the duty to supplement, nor Rule 37(c), describing the sanctions which may be imposed for failure to supplement. The letter brief did not use the phrase "duty to supplement" or "obligation to supplement," and in fact did not use the word "supplement" except in the conclusion, where Defendants requested that if Plaintiffs are unable to produce the requested documents, "then Plaintiffs will supplement or amend their written responses . . . ." Defs.' Discovery Letter Brief, ECF 44.

Because Judge Cousins reasonably construed Defendants' letter brief to be a motion to compel discovery, and correctly applied the legal standard applicable to such motion, his order was not clearly erroneous or contrary to law. Accordingly, Defendants' motion for relief from Judge Cousins' order is DENIED.

The Court notes that Plaintiffs' counsel, J. Philip Martin, has filed a declaration stating that: all responsive documents have been produced; Plaintiffs will provide a supplemental response stating as much; and no documents have been withheld or destroyed by any Plaintiff. *See* Martin Decl. ¶¶ 6-7, ECF 52. With respect to Defendants' accusation that Plaintiffs' counsel

3

made unauthorized direct contact with NetApp executives, Plaintiffs' counsel, Eric C. Kastner, has filed a declaration stating that the only direct contact was a set of letters sent to NetApp's employees more than a year and a half ago, advising them of their statutory obligation not to destroy documents. *See* Kastner Decl. ¶ 2. Mr. Kastner states that all subsequent communication with NetApp about documents has been through Defendants' counsel. *Id.* ¶ 3. Presumably, these declarations address the concerns which Defendants now contend they intended to put before Judge Cousins by way of their letter brief. To the extent Defendants' concerns are not resolved, the Court strongly advises that any future applications to Judge Cousins describe the relief sought clearly and specifically, with citation to the particular rule or rules authorizing such relief.

**IT IS SO ORDERED.**

Dated: November 15, 2018

_____
BETH LABSON FREEMAN
United States District Judge