UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STEVEN GOMO, et al.,

Plaintiffs,

v.

NETAPP, INC., et al.,

Defendants.

Case No. 17-cv-02990-BLF

**ORDER GRANTING PARTIES' STIPULATED REQUESTS TO SEAL CERTAIN EXHIBITS**

[Re: ECF 66, 68, 69]

For the reasons discussed below, the Court GRANTS the parties' stipulated requests to seal certain exhibits submitted with their cross-motions for summary judgment.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).  A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable."  Civ. L.R. 79-5(d)(1)(A).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  *Id.*

## II. EXHIBITS SUBMITTED WITH PLAINTIFFS' MOTION

On January 25, 2019, Plaintiffs filed a motion for summary judgment, supported by numerous documents, on the public docket. *See* ECF 55, 56. On the same day, Plaintiffs notified the Court that some of the documents had been filed publicly in error, and the Court locked the documents.

On February 1, 2019, Defendants filed a motion for sanctions based on Plaintiffs' public filing of Exhibits 8, 17, and 19 to the Martin Declaration and Exhibit 1 to the Warmenhoven Declaration. *See* ECF 59. The sanctions motion was referred to Magistrate Judge Cousins for disposition. *See* ECF 63. On February 28, 2019, the parties filed a stipulated request to seal the exhibits in question. *See* ECF 66. Defendants have withdrawn their sanctions motion without prejudice while awaiting the Court's disposition of the stipulated sealing request. *See* ECF 79.

The documents in question are identified in the following chart, drawn from the parties' stipulated sealing request (ECF 66):

| NO. | Document | Bates | Attached To |
| --- | --- | --- | --- |
| 1 | 03/03/2017 Email From Saunders to McDonald/Kurose: Summary of Notes from Meeting | NetApp 001954 - 1957 | Exhibit 8 ("Exhibit 8") to Declaration of J. Philip Martin (Dkt. 56-1, pp. 57-60) |
| 2 | Mercer Report | NetApp 008140 - 008144 | Exhibit 17 ("Exhibit 17") to Declaration of J. Philip Martin (Dkt. 56-1, pp. 123-127) |
| 3 | Minutes of Mtg of Comp Comm, 04/07/16 | NetApp 001330 - 1332 | Exhibit 19 ("Exhibit 19") to Declaration of J. Philip Martin (Dkt. 56-1, pp. 133-135) |
| 4 | Slide show to Comp Comm Mtg, 04/07/16 | NetApp 2133, 2166 - 2176 | Exhibit 19 (Dkt. 56-1, pp. 136-147) |
| 5 | Slideshow entitled "Executive Retirement Medical Plan" | Warmenhoven 699 - 701 | Exhibit 1 ("Exhibit 1") to Declaration of Warmenhoven (Dkt. 56-3, pp. 6-8) |

The Court must determine whether there are "compelling reasons" to seal these exhibits, as they were filed in support of Plaintiffs' motion for summary judgment and therefore are more than tangentially related to the merits of the case. The exhibits include non-public minutes and materials from NetApp's Compensation Committee meetings; records of a private meeting between NetApp executives regarding changes to NetApp's compensation plan; and documents containing details regarding NetApp's compensation structure and personal information about NetApp executives and their spouses. The Court finds that the compelling reasons standard is met for these exhibits on the basis that they contain non-public, confidential information regarding Defendant NetApp's compensation plan and executives. The Court also finds that the sealing request is narrowly tailored and that it would not be practicable to redact the exhibits rather than sealing them entirely. Accordingly, the sealing request is GRANTED as to these exhibits.

### III. EXHIBITS SUBMITTED WITH DEFENDANTS' CROSS-MOTION

On March 7, 2019, Defendants filed a cross-motion for summary judgment, an administrative motion to seal certain exhibits submitted in support of the cross-motion, and a stipulated request that the administrative sealing motion be granted. *See* ECF 68, 69, 71. The documents as to which the parties request sealing are identified in the following chart, drawn from the parties' stipulated sealing request (ECF 69):

| Item No. | Description | Bates Range | Attached To |
|---|---|---|---|
| 1 | Deposition Exhibit 1: 2003-08-05 Email chain between Carlton and Warmenhoven regarding Compensation Committee Call Agenda | Warmenhoven 644-645 | Deposition Exhibit 1 attached as part of Exhibit 1 to the Declaration Of Clarissa A. Kang In Support Of Defendants' Cross-Motion For Summary Judgment And Defendants' Opposition To Plaintiffs' Motion For Summary Judgment |
| 2 | Deposition Exhibit 2: 2003-08-08 Email from Carlton to Warmenhoven re Medical Coverage for Jeff | Warmenhoven 646 | Deposition Exhibit 2 attached as part of Exhibit 1 to the Declaration Of Clarissa A. Kang In Support Of Defendants' Cross-Motion For Summary Judgment And Defendants' Opp To Plaintiffs' Motion For Summary Judgment |

| Item No. | Description | Bates Range | Attached To |
|---|---|---|---|
| 3 | Deposition Exhibit 3: 2003-08-05 Email chain between Carlton and Warmenhoven regarding Compensation Committee Call Agenda | Warmenhoven 647 | Deposition Exhibit 3 attached as part of Exhibit 1 to the Declaration Of Clarissa A. Kang In Support Of Defendants' Cross-Motion For Summary Judgment And Defendants' Opposition To Plaintiffs' Motion For Summary Judgment |
| 4 | Deposition Exhibit 11: 2004-04-04 Email from Correa to Bartz and Wall with cc to Warmenhoven, Carlton, McDonald and First regarding Compensation Committee Conference Call 4-6-04 | Warmenhoven 676 | Deposition Exhibit 11 attached as part of Exhibit 2 to the Declaration Of Clarissa A. Kang In Support Of Defendants' Cross-Motion For Summary Judgment And Defendants' Opposition To Plaintiffs' Motion For Summary Judgment |
| 5 | Deposition Exhibit 14: 2005-04-12 Email from Correa to Bartz, Wall, Leslie with cc to Warmenhoven and McDonald regarding 4-12-05 Conference Call Materials | Warmenhoven 685 | Deposition Exhibit 14 attached as part of Exhibit 1 to the Declaration Of Clarissa A. Kang In Support Of Defendants' Cross-Motion For Summary Judgment And Defendants' Opposition To Plaintiffs' Motion For Summary Judgment |
| 6 | Deposition Exhibit 16: PowerPoint entitled Executive Retirement Medical Plan | Warmenhoven 699-701 | Deposition Exhibit 16 attached as part of Exhibit 1 to the Declaration Of Clarissa A. Kang In Support Of Defendants' Cross-Motion For Summary Judgment And Defendants' Opposition To Plaintiffs' Motion For Summary Judgment |
| 7 | Deposition Exhibit 25: 2015-11-12 Minutes of the Meeting of the Compensation Committee of the Board of Directors of NetApp, Inc. | NETAPP 001318-NETAPP 001320 | Exhibit 8 of the Declaration of Nancy Saunders in Support of Defendants' Cross-Motion for Summary Judgment and Defendants' Opp to Plaintiffs' Motion for Summary Judgment |
| 8 | Deposition Exhibit 35: 2017-03-03 Email chain containing Nancy Saunders' notes from the August 25, 2016 Executive Retiree Plan Meeting | NETAPP 001954-001957 | Exhibit 9 of the Declaration of Nancy Saunders in Support of Defendants' Cross-Motion for Summary Judgment and Defendants' Opposition to Plaintiffs' Motion for Summary Judgment |

| Item No. | Description | Bates Range | Attached To |
|---|---|---|---|
| 9 | Deposition Exhibit 42: PowerPoint entitled Executive Retiree Medical Plan Update August 25, 2016 | NETAPP 001961-NETAPP 001971 | Exhibit 10 of the Declaration of Nancy Saunders in Support of Defendants' Cross-Motion for Summary Judgment and Defendants' Opposition to Plaintiffs' Motion for Summary Judgment |

The Court must determine whether there are "compelling reasons" to seal these exhibits, as they were filed in support of Defendants' cross-motion for summary judgment and therefore are more than tangentially related to the merits of the case. The exhibits include non-public minutes and materials from NetApp's Compensation Committee meetings; correspondence regarding those meetings; records of a private meeting between NetApp executives regarding changes to NetApp's compensation plan; and documents containing details regarding NetApp's compensation structure and personal information about NetApp executives and their spouses. The Court finds that the compelling reasons standard is met for these exhibits on the basis that they contain non-public, confidential information regarding Defendant NetApp's compensation plan and executives. The Court also finds that the sealing request is narrowly tailored and that it would not be practicable to redact the exhibits rather than sealing them entirely. Accordingly, the sealing request is GRANTED as to these exhibits.

**IT IS SO ORDERED.**

Dated: March 13, 2019

_____
BETH LABSON FREEMAN
United States District Judge