Clarissa A. Kang, No. 210660
Angel L. Garrett, No. 255682
TRUCKER ✦ HUSS
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA 94105
Telephone:    (415) 788-3111
Facsimile:    (415) 421-2017
E-mail:       ckang@truckerhuss.com
              agarrett@truckerhuss.com

Brian D. Murray, No. 294100
TRUCKER ✦ HUSS
A Professional Corporation
15760 Ventura Blvd, Suite 910
Encino, CA 91436
Telephone:    (213) 537-1016
Facsimile:    (213) 537-1020
E-mail:       bmurray@truckerhuss.com

Attorneys for Defendant
NETAPP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GOMO, RICHARD CLIFTON, EDWARD DEENIHAN, DANIEL WARMENHOVEN, ROBERT SALMON, TOM GERSTENBERGER, AND TOM GEORGENS,<br><br>Plaintiffs,<br><br>vs.<br><br>NETAPP, INC., A DELAWARE CORPORATION, NETAPP EXECUTIVE MEDICAL RETIREMENT PLAN,<br><br>Defendants. | Case No. 5:17-cv-02990-BLF<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON EQUITABLE REMEDIES BY DEFENDANT NETAPP, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         October 13, 2022<br>Time:         9:00 a.m.<br>Courtroom:    3<br>Judge:        Hon. Beth Labson Freeman<br>Complaint filed: May 24, 2017<br><br>Trial:        March 27-31, 2023 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on October 13, 2022, at 9:00 a.m., or as soon thereafter as may be considered by the above-entitled Court, located in Courtroom 3 on the 5th Floor at 280 South First Street, San Jose, California, Defendant NETAPP, INC., A DELAWARE CORPORATION will and hereby does move the Court for summary judgment under Federal Rule of Civil Procedure 56, because Plaintiff DANIEL WARMENHOVEN ("Plaintiff") cannot establish any entitlement to equitable relief under section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(a)(3), for his second (and sole remaining) claim for relief in this action. This Motion is based upon this Notice of Motion Summary Judgment, the Memorandum of Points and Authorities, the Declaration of Clarissa A. Kang and all exhibits thereto, all records on file with the Court relating to this matter, and on such further evidence and argument as may be considered by the Court at the hearing on this motion.

DATED: June 15, 2022                    TRUCKER ✦ HUSS

                                        By: /s/Clarissa A. Kang
                                            Clarissa A. Kang
                                            Attorneys for Defendant
                                            NETAPP, INC.

DEFENDANT NETAPP, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; Case No. 5:17-cv-02990-BLF      1

7019075

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court held, and the Ninth Circuit affirmed, that summary judgment was proper as to Plaintiff Daniel Warmenhoven's first claim for benefits because Defendant NetApp, Inc. ("NetApp") had the right to amend or terminate the NetApp, Inc. Executive Retiree Health Plan (the "Plan"), under the law and by the clear terms of the Plan. On his second and sole remaining claim for relief (for breach of fiduciary duty under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3)), Warmenhoven cannot establish any entitlement to a remedy. This Court should grant summary judgment in favor of NetApp.[1]

In his second claim, Warmenhoven contends that NetApp breached its fiduciary duties by falsely representing that the Plan's benefits continued for his lifetime and by not disclosing that they were subject to amendment or cancellation by NetApp. Warmenhoven seeks lifetime retiree health benefits. To prevail, he must prove (1) that a remediable wrong exists and (2) that the relief he seeks is appropriate equitable relief. Opinion (Dkt. 103) at 16; MSJ Order (Dkt. 93) at 17:14-18. As the Ninth Circuit recognized in its September 13, 2021 opinion (the "Opinion"), this Court may consider, on summary judgment, the second requirement of appropriate equitable relief – the "remedy prong." Dkt. 103 at 23. The first requirement of whether a remediable wrong occurred is to be left for trial, if necessary. Trans. of 2/16/22 CMC (Dkt. 126) at 4-5. Because Warmenhoven is not entitled to the remedy he has requested, this Court should grant summary judgment and dismiss his remaining claim.

The Supreme Court identified reformation, equitable estoppel, and surcharge as equitable remedies available under ERISA §502(a)(3). Dkt. 103 at 23 (citing *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011)); Dkt. 93 at 17:19-21. None are available here, because the Plan unambiguously grants NetApp the power to amend or terminate the Plan, as this Court has already held, and because Warmenhoven did not rely on or suffer any harm from any alleged misrepresentations about the Plan. Moreover, "[e]quitable remedies are not available where the claim 'would result in a payment of benefits that would be inconsistent with the written plan.'" *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 962 (9th Cir. 2014). The lifetime benefit Warmenhoven seeks is therefore not appropriate equitable relief under ERISA and

---

[1] Warmenhoven's second claim for relief – for breach of fiduciary duty – is asserted only against NetApp. *See* Complaint (Dkt. 1) at 10.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; Case No. 5:17-cv-02990-BLF    1

7019075

inconsistent with this Court's prior ruling and the Ninth Circuit's affirmance of that ruling.

**I.     Issue To Be Decided** – Whether NetApp is entitled to summary judgment because no appropriate equitable relief is available for Warmenhoven's remaining breach of fiduciary duty claim.

**II.    Statement Of Facts and Summary Judgment Standard**

This Court's September 12, 2019 Order covers the relevant factual background and the summary judgment standard. *See* Dkt. 93 at 1-5. In addition, NetApp draws the Court's attention to the following undisputed facts:

- Warmenhoven's eligibility to participate in the Plan did not impact his decision to retire or his goals in retirement. *See* Kang Decl. ¶3, Ex. A (Warmenhoven depo.) at 130:23-131:7. The Plan was not the primary reason he retired. *See id.* at ¶5, Ex. C (RFA 12).

- When Warmenhoven paid for his health coverage after the 2016 change in Plan design, that change did not impact his personal net worth or lifestyle. *See id.* at Ex. A at 180:24-181:7 & 182:25-183:4.

- Warmenhoven admitted that there are no ambiguous Plan terms. *See id.* at ¶6, Ex. D (ROG 21).

- Warmenhoven had access to and/or received the Plan document when the Plan was created in 2005 and when he retired in 2015. *See id.* at ¶4, Ex. B (Correa depo.) at 38:24-39:8 & 45:13-46:17; *id.* at ¶7, Ex. E (Dkt. 74 (Saunders Decl.)) at ¶¶5-6, Ex. 1; Dkt. 93 at 22:4-7.

**III.   No Reformation Remedy Is Appropriate Because Warmenhoven Was Not Defrauded, The Plan Terms Are Not A Product Of Mistake, And NetApp Was Not Mistaken As To Its Right To Amend Or Terminate The Plan**

Reformation is not appropriate here because no mistake or fraud exists. *Gabriel,* 773 F.3d at 955. Reformation is appropriate only where the plan contains terms that either (i) arise from a mistake of fact or law and fail to reflect the drafter's intent, or (ii) were induced by fraud, duress, or undue influence. *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1166 (9th Cir. 2012). This Court has already held that no fraudulent conduct exists. Dkt. 93 at 21:7-10 ("Plaintiffs have not submitted any evidence, and none appears in the record, suggesting that NetApp did not intend to provide lifetime medical benefits under the Plan when it was adopted. NetApp's decision to terminate the Plan more than a decade later does not render its earlier conduct fraudulent."); 21:22 ("At least some of the Plan participants supervised the creation of the Plan."); 22:9-11 ("On this record, no reasonable trier of fact could conclude that NetApp misled Plaintiffs – sophisticated individuals who held the most senior executive

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; Case No. 5:17-cv-02990-BLF      2

7019075

positions at the company – regarding the nature of the benefits offered under the Plan."). Duress and undue influence also do not exist: Warmenhoven was undisputedly NetApp's CEO and Executive Chair of the Board when the Plan was created, and he personally directed its creation. *See id.* at 2:9-15.

In addition, the terms of the Plan were not a product of mistake, nor was there a mutual mistake as to the content or effect of the Plan's terms. *Gabriel*, 773 F.3d at 955. Consistent with NetApp's eventual amendment and termination of the Plan and the default legal principle that welfare benefits are not vested, *see* Dkt. 103 at 10 (citing *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)), the Plan's express reservation of NetApp's right to change or terminate benefits at any time was not a product of mistake, and Warmenhoven's alleged misunderstanding of that right was not mutual. This Court aptly recognized that Warmenhoven requested and supervised the creation of the Plan. Dkt. 93 at 2:6-15 & 21:22. Marge Correa, NetApp's Director of Compensation and Benefits when the Plan was adopted, whom Warmenhoven called the "core person" or "quarterback" in the Plan's creation, confirmed in her deposition that NetApp could terminate the Plan at any time and that she "would be surprised if [the Compensation Committee] did not know that." Ex. A at 62:15-63:1 & 89:9-22; Ex. B at 37:17-39:8. The Compensation Committee "certainly got plan documents," as did Warmenhoven, who was NetApp's CEO and attended the Committee's meetings. Ex. B at 38:24-39:8 & 45:13-46:17.

## IV. Equitable Estoppel Is Inappropriate Because The Plan Terms Are Unambiguous

Equitable estoppel is also not appropriate, because payment of lifetime benefits contradicts the clear Plan terms, and Warmenhoven did not reasonably and detrimentally rely on any representation of lifetime benefits. *See Gabriel*, 773 F.3d at 955-56 (estoppel elements); Dkt. 93 at 18:10-22 (same).

This Court held that the Plan document – i.e., the Certificates of Coverage (not the PowerPoints) – contains no guarantee of lifetime benefits, but rather expressly permits amendment or termination. Dkt. 93 at 15:20-26; 16:7-9; Ex. E at NETAPP 005223 (Plan language stating NetApp "has the right to amend or terminate this Plan at any time"); Dkt. 103 at 8 (quoting Plan language). Well-established Ninth Circuit precedent holds that a court cannot equitably estop an ERISA fiduciary when doing so would contradict the clear terms of the Plan. *Wong v. Flynn-Kerper*, 999 F.3d 1205, 1212 (9th Cir. 2021). Equitable estoppel cannot stand because the Plan's terms unambiguously state NetApp's right to amend or terminate the Plan. *See Gabriel*, 773 F.3d at 956. The clear and unambiguous language of the Plan

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; Case No. 5:17-cv-02990-BLF    3

7019075

supersedes any purported representations made in collateral documents (i.e., the PowerPoints) or oral statements and forecloses an estoppel claim. *See id*. at 956 & 959. Warmenhoven has admitted that there are no ambiguous Plan terms. Ex. D (ROG 21).

Warmenhoven is also unable to establish, as is required for estoppel, that he relied to his detriment on any representations that the Plan provided lifetime benefits. *See Gabriel*, 773 F.3d at 955 (requiring reliance on another's conduct to his injury). He admitted that the prospect of lifetime retiree medical benefits did not change his behavior in any way. Ex. A at 130:23-131:7 (eligibility to participate in the Plan did not impact his decision to retire, and his goals in retirement were not affected by the Plan) at 180:24-181:7 & 182:25-183:4 (change in Plan design did not impact his personal net worth or lifestyle). Warmenhoven also cannot show any reliance was justifiable or reasonable, which are required to establish equitable estoppel, because the Plan document was available and furnished to him at the Plan's creation (noted above) and at retirement. *Wong*, 999 F.3d at 1213, n.9 ("reliance can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party"); Dkt. 93 at 22:4-11; Ex. E (Dkt. 74 (Saunders Decl.)) at ¶¶5-6, Ex. 1 (Warmenhoven received the Plan when he retired).

### V. Surcharge Is Inappropriate Because Neither Causation Nor Harm Exists

Surcharge is also unavailable, because Warmenhoven was not harmed by alleged misrepresentations that the retiree health benefits continued for his lifetime, and he cannot show that he would be in a different position but for NetApp's alleged breach of fiduciary duty. Surcharge, which is monetary compensation for a loss resulting from a breach of duty or to prevent unjust enrichment, is actionable only where the violation injured the plaintiff and he can show "harm and causation." *Gabriel*, 773 F.3d at 957-58. The Ninth Circuit requires "but for" causation for surcharge, such that "[t]he beneficiary can pursue the remedy that will put the beneficiary in the position he or she would have attained but for the trustee's breach." *Moyle v. Liberty Mut. Ret. Benefit Plan*, 263 F.Supp.3d 999, 1028 (S.D. Cal. 2017) (quoting *Skinner*, 673 F.3d at 1167). The requirements of causation and harm depend largely on the same factors as reliance. *Petroff v. Ret. Benefit Plan of Am. Airlines, Inc.*, 14-02866 JAK(MANx), 2015 WL 13917970 at *11-12 (C.D. Cal. Jul. 28, 2015) (dismissal warranted where no allegation showed that a failure to disclose caused harm). There is no causal connection between the alleged misrepresentation

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; Case No. 5:17-cv-02990-BLF     4

by NetApp that Plan benefits would continue for Warmenhoven's lifetime and any harm to Warmenhoven. Indeed, Warmenhoven testified that his decision to retire and his goals in retirement were not affected by his participation in the Plan; Warmenhoven would not have changed his behavior had NetApp told him that the benefits could be terminated at any time. Ex. A at 130:23-131:7, 180:24-181:7; Ex. C (RFA 12). Furthermore, Warmenhoven did not suffer any injury. He would be in the same position – paying his healthcare costs – even if NetApp had told him that the Plan could be terminated. He cannot establish that he relied on any alleged misrepresentation or that any alleged misrepresentation caused him harm. *See Skinner*, 673 F.3d at 1167 (no harm to support surcharge where plaintiffs' current positions were no different from that in which they would have been but for the alleged breach).

Also, there is no evidence that NetApp was unjustly enriched by allegedly failing to disclose NetApp's ability to terminate the Plan. *See id.* (summary judgment upheld where no evidence that the alleged fiduciary gained a benefit by the alleged breach). Indeed, the record reflects that NetApp terminated the Plan to reduce costs when NetApp was also laying off a significant number of employees. *See* Dkt. 93 at 20:23-21:2.

### VI. Injunctive Relief Is Inappropriate Because There Is No Irreparable Injury Or Hardship

To the extent Warmenhoven seeks injunctive relief requiring provision of lifetime health benefits, injunctive relief is also not appropriate equitable relief under ERISA §502(a)(3) because it is contrary to NetApp's express right to terminate the Plan. *Id.* at 15:20-26; *Gabriel*, 773 F.3d at 962 ("[e]quitable remedies are not available where the claim 'would result in a payment of benefits that would be inconsistent with the written plan.'"). Warmenhoven also has not suffered an irreparable injury or hardship; the only damages he suffered (if any) is monetary (the cost of health coverage) which did not impact his personal net worth. *See Schuman v. Microchip Tech. Inc.*, 302 F. Supp. 3d 1101, 1118-19 (N.D. Cal. 2018) (standard for injunctive relief).

### VII. Conclusion

For the foregoing reasons, NetApp is entitled to summary judgment on Warmenhoven's fiduciary breach claim because no appropriate equitable relief exists under ERISA § 502(a)(3).

DATED: June 15, 2022                    TRUCKER ✦ HUSS
                                        By: /s/Clarissa A. Kang
                                        Clarissa A. Kang, Attorneys for Defendant NETAPP, INC.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; Case No. 5:17-cv-02990-BLF        5

7019075