1  Eric C. Kastner (SBN 53858)
   eck@kastnerkim.com
2  J. Philip Martin (SBN 55100)
   jpm@kastnerkim.com
3  KASTNER | KIM LLP
   3150 De La Cruz Blvd. Suite 206
4  Santa Clara, CA 95054
   Tel.:    (650) 967-7854
5

6  Attorneys for Plaintiff,

7  DANIEL WARMENHOVEN

8

9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12  DANIEL WARMENHOVEN,                        Case No.  5:17-cv-02990 - BLF

13                   Plaintiff,

14           v.                                PLAINTIFF DANIEL
                                               WARMENHOVEN'S OPPOSITION TO
15  NETAPP, INC., A DELAWARE                   DEFENDANTS' MOTION FOR
    CORPORATION, NETAPP EXECUTIVE              SUMMARY JUDGMENT ON
16  MEDICAL RETIREMENT PLAN,                   EQUITABLE REMEDIES

17                   Defendants,

18

19                                            Date:       October 13, 2022
                                              Time:       9:00 a.m.
20                                            Courtroom: 3
                                              Judge:     Hon. Beth Labson Freeman
21

22                                            Complaint Filed: 05/24/2017

23

24

25

26

27

28  PLAINTIFF DANIEL WARMENHOVEN'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT ON EQUITABLE REMEDIES                                CASE NO.  5:17-CV-02990-BLF

## I.     INTRODUCTION

The Court of Appeals for the Ninth Circuit reversed the Court's ruling as to the Second Claim for violation of the fiduciary's (NetApp) obligation not to mislead beneficiaries of the Plan under Section 1132(a)(3).   There is no basis for that claim to be dismissed via summary judgment.

Defendant pays lip service to, but essentially ignores, a key holding in *Cigna Corp. v. Amara*, 563 U.S. 421, 433 (2911) ("*Amara*") which is that only causation and harm, not detrimental reliance, needs to be established in order that the equitable remedies of reformation or surcharge are appropriate. Here NetApp's failure to  honor  its repeated representations that plaintiff was receiving a "lifetime" medical benefit, in both the PowerPoints and SEC filings discussing the Executive Medical Retirement Plan ("EMRP") caused plaintiff to pay for medical expenses for which he should not have had to pay. That expenditure of money is harm and is classic "but for" causation.

## II.     THE ALLEGED UNDISPUTED "FACTS"

NetApp's motion presents four facts as allegedly undisputed (NetApp. Motion and Memorandum filed June 15, 2022 ["NetApp.Br."], at p.2, lines 8-15):

1)  Warmenhoven's eligibility to participate in the EMRP  did not impact his decision to retire or his goals in retirement;

2)  When Warmenhoven paid for this health coverage after the 2016 change in Plan design, that change did not impact his personal net worth or lifestyle;

3)  Warmenhoven admitted there were no ambiguous Plan terms; and

4)  Warmenhoven had access to or received the Plan document when the Plan was created in 2005 and when he retired in 2014.

None of these alleged facts are relevant to Warmenhoven's possible remedies of reformation or surcharge.   As to Fact 1, the Supreme Court decisions on this issue make it clear that detrimental reliance is not a condition to equitable relief under Section 1132(a)(3).   *Amara*, supra at, 443 ("Looking to the law of equity, there is no general principle that 'detrimental reliance' must be proved before a remedy is decreed").   In any event, the NetApp EMRP was a factor in plaintiff continuing as the NetApp CEO until after he was vested under the terms he understood to be the EMRP. Declaration Daniel Warmenhoven ("Warmenhoven Dec.") at paragraph 6, filed herewith. As to Fact 2,

1

one's "net worth" has never been a factor (nor should it be) in the federal courts' many decisions regarding ERISA remedies.  A loss is a loss regardless of one's financial situation.  As to Facts 3 and 4, whether  the Plan terms were unambiguous is irrelevant to the availability of equitable remedies other than estoppel. Warmenhoven stated he believed the PowerPoints, and not the insurance certificates issued by NetApp's employee health insurers (Cigna and later United Health Service), were the EMRP.  Declaration of Warmenhoven Dec. at paras. 5-6.

In attempting to piggyback on the Court of Appeals' ruling that the certificates, with termination language, somehow impacts Warmenhoven's right to relief under section 1132(a)(3), NetApp overlooks this critical portion of the opinion:

> ". . . there is a genuine dispute of material fact as to whether NetApp incorrectly represented to Plan participants that the Plan provided lifetime health insurance benefits.  A reasonable factfinder easily could read the PowerPoints to convey a promise of lifetime benefits.  **Yet NetApp had not memorialized that promise in any plan document, and in fact the Certificates say the opposite.**"
> Opinion, p. 20 (emphasis added).

### III.    LEGAL ARGUMENT

Ubi Jus Ibi Remedium is a Latin phrase stating that where there is a wrong the law provides a remedy, a foundational legal principle that has existed for centuries if not millinea.  See *Marbury v. Madison*, 5 U.S. 137, 162-163 (1803; *Amara*, supra, at 440 ("Indeed a maxim of equity states that '[e]quity suffers not a right to be without a remedy' R. Francis, Maxims of Equity (1823).") NetApp argues ERISA is an exception to that ancient rule such that redress for misrepresenting critical features of a medical benefit plan can be denied to a beneficiary of the plan.  All three equitable remedies – reformation, equitable estoppel, and surcharge are available for this Court to apply upon a finding of liability under section 1132(a)(3). The Supreme Court held that ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), "catchall" remedial provisions that act as a safety net, "offering appropriate equitable relief." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).  The Court should grant a remedy as long as the remedy is consistent with the language of the statute, the purpose of ERISA, and pre-existing trust law. (*See id.,* at 515).

**A**. **Reformation**.

Appropriate equitable relief may include "'the reformation of the terms of the plan, in order to remedy the false or misleading information' provided by a plan fiduciary." *Gabriel v. Alaska Elec.*

*Pension Fund*, 773 F.3d 945, 955 (9th Cir. 2014) (citing *Amara* at 440.; "The power of the court to reform contracts is available when there is an event of mistake or fraud." *See id.* "A plaintiff may obtain reformation based on mistake in two circumstances: (1) 'if there is evidence that a mistake of fact or law affected the terms of [a trust] instrument and if there is evidence of the settlor's true intent'; *or* (2) 'if both parties [to a contract] were mistaken about the content or effect of the contract' and the contract must be reformed 'to capture the terms upon which the parties had a meeting of the minds.'" (emphasis added).)

Furthermore, reformation is generally available for a violation of an applicable ERISA statute. *Villalobos v. Downey Grinding Co*, No. 8:19-cv-00150-JVS-ADSx, 2021 U.S. Dist. LEXIS 189149, at *15 (C.D. Cal. Aug. 9, 2021). The Second Circuit has also held that "§ 502(a)(3) authorizes district courts to grant equitable relief – including reformation – to remedy violations of subsection I of ERISA, even in the absence of mistake, fraud, or other conduct traditionally considered to be inequitable." *Laurent v. PricewaterhouseCoopers LLP*, 945 F.3d 739, 748 (2d Cir. 2019)

Given the Court of Appeals opinion that absence of intent to deceive does not preclude Warmenhoven's claim (Opinion, p. 21) the reference to "fraud" in considering the reformation remedy is irrelevant.  There is ample evidence of mistake regarding NetApp's intent in creating the EMRP. The deposition testimony of Marge Correa, NetApp's Director of Compensation, that at its creation the EMRP could be terminated at any time (Ex. A to Declaration of Clarissa Kang, p. 62:15-63) is contradicted by earlier testimony in that deposition that the EMRP represented  a "lifetime" benefit. Declaration of J. Philip Martin filed herewith ("Martin Dec."), Ex. 1, at p. 26, lines 4-19.  Moreover, Warmenhoven believed the promise of lifetime benefits made in the multiple PowerPoints the Compensation Committee of NetApp prepared and approved was the EMRP and Correa did not communicate otherwise to him.  Warmenhoven Dec. para. 6.

There is also ample evidence of mutual mistake; that NetApp senior management itself did not believe the Plan could be terminated during the lifetimes of the retired senior executives.  Over a period of 6 years NetApp published references to the Plan, the number of executives then drawing its benefits, and that a substantial accrual (over $26 million by 2015) for the liability the Company was recognizing to pay those future benefits. Martin Dec. Exs. 2-8.  When NetApp advised Warmenhoven

PLAINTIFF DANIEL WARMENHOVEN'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EQUITABLE REMEDIES                    CASE NO.  5:17-cv-02990-BLF

and the other retired executives of its intent to terminate the Plan in 2016, none of the Company's then executives could point to language in any document authorizing its termination. Warmenhoven Dec. para.9.

Unlike in *Skinner v. Northrop Grumman Retirement Plan B*, 673 F.3d 1162, 1166 (9th Cir. 2012) where the terms of the retirement plan at issue were clear and was only in conflict with an earlier summary plan description, here it is undisputed that NetApp presented to Warmenhoven the EMRP's repeated promise of lifetime benefits without qualification. Warmenhoven Dec. paras. 5 and 8, Exhibits 1 and 2. Martin Dec. Exs. 2-8.[1]

*Gabriel v. Alaska Elec. Pension Fund*, supra, is not authority to deny Warmenhoven a right to reformation. In *Gabriel* a plan representative's letter to the plaintiff did not contain any representations regarding Plan benefits but did make an error in the calculation of his future benefit.   Given the material mistakes shown in this record, countless references in the many PowerPoints and SEC filings that "lifetime benefits" were conferred without qualification and with no evidence any NetApp executive informed Warmenhoven otherwise (other than handing him the long fine print insurance certificate on one occasion), reformation is an appropriate remedy.  *Amara*, supra, at 440-441 (2011) (Cigna failed to give Pension Plan beneficiaries proper notice of changes to their benefits.)

**B.  Surcharge**

The Supreme Court in *Amara* specifically rejected the notion that detrimental reliance is required before a remedy is decreed. *Amara*, at

> "Looking to the law of equity, there is no general principle that 'detrimental reliance must be proved before a remedy is decreed.   [A] fiduciary can be surcharged under section 502 (a)(3) only upon a showing of actual harm. . [which] may sometimes consist of detrimental reliance, but it might also come from the loss of a right protected by ERISA on its trust law antecedents.'"

The Ninth Circuit has recognized the same. *Gabriel*, supra, at 957-958:

> "Amara further noted that equity courts did not require a 'showing of detrimental reliance" when ordering surcharge. Rather, then simply ordered a trust or beneficiary be made whole following a trustee's breach of trust' and would 'mold the relief to protect the rights of the beneficiary'".

---

[1] *Verity Corp. v. Howe*, supra at 502.  When a Company makes representations  about benefits, it acts as a fiduciary.  It is irrelevant whether any such representations were made negligently or intentionally. See, e.g. *Mathews v. Chevron Corp*. 362 F.3d 1172, 1183 (9th Cir. 2004).

Causation and harm are apparent from the record before the Court.  Warmenhoven was forced to purchase medical insurance when the Company terminated the EMRP.  His out-of-pocket expenses exceeded $4,000 a year from 2017. Warmenhoven Dec. para. 10.

Both of the District Court cases cited in the NetApp Br. acknowledge the availability of surcharge when a Section 1132(a)(3) violation has occurred. In *Moyle. v. Liberty Mutual Retirement Benefit Plan*, 263 F.Supp.3d 999, 1028 (S.D.Cal 2017) the court denied a summary judgment motion and noted that "beneficiaries can obtain surcharge under an unjust enrichment theory where a fiduciary that obtained a benefit through a breach of duty can be ordered to return that benefit." Here NetApp retained millions of dollars, per its SEC disclosures, when it terminated the Plan and avoided any future liability related to the EMRP.  Warmenhoven seeks a minor amount of the windfall NetApp received in clawing back the value of the lifetime benefits it promised the senior executives.

In *Petroff v. Ret. Ben. Plan of Am. Airlines*, 2015 U.S. Dist. LEXIS 200207, 2015 WL 13917970 (C. D. Cal. 2015) the court dismissed, with leave to amend, the complaint of the widow of a former American Airlines employee denied certain pre-retirement benefits upon her husband's death. At pages 31-32 of the opinion the Court noted that "but for" causation was the standard for considering a surcharge remedy and *Petroff's* complaint did not sufficiently allege that the failure of the company to make a disclosure regarding enhanced benefits her husband could have obtained caused harm to him or the plaintiff.   Here Warmenhoven has offered proof of the financial expense of replacing the NetApp EMRP cost him.  The **only** cause was the 2016 decision to terminate the Plan.

A surcharge in the amount of both past and future expected premium expenses is appropriate.

## IV.    CONCLUSION

Defendant's motion for summary judgment should be denied.


DATED: July 11, 2022                    KASTNER | KIM LLP

By: /s/Eric C. Kastner_____
       Eric C. Kastner
       J. Philip Martin
       Attorneys for Plaintiff
       DANIEL WARMENHOVEN