1  Eric C. Kastner (SBN 53858)
   eck@kastnerkim.com
2  J. Philip Martin (SBN 55100)
   jpm@kastnerkim.com
3  KASTNER | KIM LLP
   3150 De La Cruz Blvd. Suite 206
4  Santa Clara, CA 95054
   Tel.:    (650) 967-7854
5
   Attorneys for Plaintiff,
6
   DANIEL WARMENHOVEN
7  .

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  DANIEL WARMENHOVEN,                  Case No.  5:17-cv-02990 - BLF

13              Plaintiff,

14       v.                              **DECLARATION OF DANIEL
                                         WARMENHOVEN IN SUPPORT OF
15  NETAPP, INC., A DELAWARE             PLAINTIFF  DANIEL
    CORPORATION, NETAPP EXECUTIVE        WARMENHOVEN'S OPPOSITION
16  MEDICAL RETIREMENT PLAN,             TO DEFENDANTS' MOTION FOR
                                         SUMMARY JUDGMENT ON
17              Defendants,              EQUITABLE REMEDIES**

18

19                                       Date:        October 13, 2022
                                         Time:        9:00 a.m.
20                                       Courtroom: 3
                                         Judge:       Hon. Beth Labson Freeman
21

22                                       Complaint Filed: 05/24/2017

23

24

25

26
                                        1
27  ─────────────────────────────────────────────────────────
    DECLARATION OF DANIEL WARMENHOVEN IN SUPPORT OF OPPOSITION TO
28  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EQUITABLE REMEDIES
                                          CASE NO.  5:17-CV-02990

1        I, DANIEL WARMENHOVEN, declare as follows:

2        1.     I am a plaintiff in this action.  The following facts are within my personal

3   knowledge and if called and sworn as a witness I am competent to truthfully testify thereto.  I

4   make this declaration in support of Plaintiff's opposition to Defendants' Motion for Summary

5   Judgment on Equitable Remedies.

6        2.     I was employed by NetApp, Inc. ("NetApp" or "the Company") from 1994 to

7   2014. I was the Chief Executive Officer ("CEO") from 1994 until Aug, 2009 and from 1994 to

8   2014 was a member of the Board of Directors. I was the CEO in 2003 when the subject of

9   creating a Medical Plan for retired executives first arose.  Jeff Allen ("Allen"), then CFO at

10  NetApp was planning to retire and advised me he was concerned about his ability to secure

11  medical insurance given a pre-existing condition as he would not be eligible for Medicare upon

12  retirement. I then directed NetApp's Human Resources ("HR") officers, Chris Carlton, Vice

13  President,  and Marge Correa, the HR Director to work with the NetApp Board of Directors'

14  Compensation Committee ("Comp Committee") which had jurisdiction over all NetApp

15  employee benefits plans, to see if it was possible to devise a medical insurance plan for senior

16  executives at Allen's level.

17       3.     After nearly two years of consideration, the Comp Committee, comprised of

18  Board members Carol Bartz, Bob Wall and Mark Leslie, adopted an Executive Medical

19  Retirement Plan (the "Plan") on behalf of the Committee in May, 2005.  The Plan, chiefly

20  drafted by Ms. Correa, was set forth in a Power Point, a true and correct copy of which is

21  attached hereto as **Exhibit 1**.  No other documents were created by NetApp relating to the Plan at

22  that time.

23       4.     At the same time, NetApp changed the insurance company which administered

24  the NetApp employee medical plan from Great West to Cigna Insurance Company ("Cigna").

25  Cigna, in turn, became the administrator of the Plan, which then only had one beneficiary, Allen,

26

2

27  DECLARATION OF DANIEL WARMENHOVEN IN SUPPORT OF OPPOSITION TO
    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EQUITABLE REMEDIES

28                                     CASE NO.  5:17-CV-02990

who retired as a full time NetApp employee in May, 2005 and then became a member of the Board of Directors.

5.      As stated in the Plan (Exhibit 1) it was designed to confer lifetime medical benefits on the Senior Executives and their spouses with the Plan becoming supplementary to Medicare when the executive and the spouse reached the age of 65. In addition, children of the retired executive would be covered by the Plan until age 26.  The Plan was self-funded; that is, NetApp paid all premiums for the executive's coverage.  Nothing in the Plan document (Ex. 1) provided that NetApp could amend or terminate the Plan after an eligible executive retired and he and his spouse were covered. And that was my intent and expectation when I directed the Plan to be created.

6.      At no time during my tenure at NetApp through 2015 did any member of the Comp Committee or HR advise me that language in the Cigna Certificate of insurance in any way created a right in NetApp to terminate the Plan.   The Plan was a factor in my decision to continue as CEO of NetApp until I met the age and years of service requirement to vest the lifetime medical benefits upon my retirement.

7.      Cigna was replaced as the NetApp employee medical plan insurance administrator in 2013 in favor of United Healthcare ("UHC").  Similar to Cigna, UHC then became the administrator of the Plan which by 2013 had two additional beneficiaries – Steve Gomo, the Chief Financial Officer who retired in early 2011 and Edward Deenihan who retired in 2013. UHC also prepared Certificates of Insurance it provided to NetApp.  Nothing in the UHC Certificate I saw purported to delegate to NetApp the right to amend or terminate the Plan.

8.      Shortly before my retirement as CEO in 2014 I was given a copy of the Plan, still in the form of the Power Point presentation. A true and correct copy of that document dated March 2014, is attached hereto as **Exhibit 2**. Other than a slight to change the pool of eligible senior executives from SEC Section 16b officers to Executive Vice Presidents, the terms of the

3

DECLARATION OF DANIEL WARMENHOVEN IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EQUITABLE REMEDIES

CASE NO.  5:17-CV-02990

1     Plan were the same since its inception: a lifetime benefit for myself and my wife and for my

2     children until age 26. In none of the communications with HR about my impending retirement

3     and eligibility for the Plan was there any suggestion the Plan could be amended or terminated

4     and no such language was contained in Exhibit 2.

5          9.     In the summer of 2016, I was advised by both George Kurian, then the CFO, and

6     Gwen McDonald, HR Executive Vice President, that the Comp Committee had decided to

7     terminate the Plan and substitute, for a period of 3 years, individual insurance policies for all

8     Plan beneficiaries (including myself) and then end the Plan in December, 2019 with a payment to

9     be made to beneficiaries subject to signing a release agreement. I attended a meeting with

10     Kurian, McDonald, and most of the beneficiaries on August 25, 2016 and received documents

11     explaining the new Plan. At no time in that meeting, or later in meetings and conversations I had

12     with Kurian, McDonald, and NetApp Board of Director Chairman Mike Nevins, did any NetApp

13     officer explain the source of the Company's claimed right to terminate the Plan. There was no

14     mention of ERISA or that the Plan was part of the insurance documents now before the Court.

15     The word ERISA was never raised or mentioned by the Company until this lawsuit was initiated.

16         10.     As with all the other Plan beneficiaries I purchased individual policies with

17     Anthem Blue Cross and Express Scripts that was supplementary to Medicare coverage for which

18     I became eligible in 2015. My wife also became Medicare eligible and our Medicare premiums

19     combined are approximately $1,006,80 per month. The supplemental plans with Anthem &

20     Express Scripts cost approximately $430.00 per month for both of us combined, which we are

21     still paying to date.

22          I declare the foregoing to be true under penalty of perjury. Executed this 4th day of July,

23     2022 in Mountain View, California.

24

25                       DANIEL WARMENHOVEN

26

                                4

27

# EXHIBIT  1

WARMENHOVEN 699



# Executive Retirement
# Medical Plan

CONFIDENTIAL



# Executive Retirement Medical Plan

▸ Provide medical coverage beyond the COBRA maximum benefit period to a defined group of retiring executives as a fully-insured plan

▸ Participation
  – Minimum 5 years of service
  – Minimum age 50
  – Retired 16b officers (all executives who are or have been 16b officers)
    • Easily identified group – no question as to who is eligible
    • Substantially different responsibilities when compared to other executives
    • Small group - limits the cost - time to evaluate the impact
  – Age + (years of service doubled) is equal to or greater than 65
  – Coverage for retiring executive and spouse/eligible children if applicable

▸ Implement May 1, 2005

NetApp Confidential – Do Not Distribute

15

WARMENHOVEN 700

CONFIDENTIAL



# Executive Retirement Medical Plan – con't

▶ CIGNA HealthCare Open Access Plus plan for Retirees
  – Fully insured Plan (Highlights document attached)
  – Rate Structure through 12/31/06
    • Employee only          $740.26
    • EE + Spouse            $1,470.03
    • EE + Family            $2,747.11
  – 100% paid by Company - no premium contribution from retiree
  – Medicare COB with Medicare primary
  – Unlimited lifetime maximum benefit

▶ Change of Control provision
  – Plan will include a provision such that in the event of a change of control, the acquiring company must provide a Retiree Medical Plan that is substantially equivalent to our Plan and keep the Plan in place for the lives of the eligible employees

WARMENHOVEN 701

CONFIDENTIAL

# EXHIBIT  2



Go further, faster



# Executive Medical Retirement Plan

March 2014



© 2011 NetApp, Inc. All rights reserved.

NETAPP 001825



EXHIBIT 23
Deponent Allen
Date 5-7-18 Rptr. 8
WWW.DEPOBOOK.COM



# Executive Medical Retirement Plan

- Executive Medical Retirement Plan adopted by the Company as a method to retain a defined group of senior executives
- Plan provides medical benefits for the retiree's lifetime
- Eligibility:
  - Executive Vice President or above
  - Age and Service Requirements
    - Minimum age 50, and
    - Age plus 2 x Service => 65

© 2011 NetApp, Inc. All rights reserved.

2

NETAPP 001826



# Executive Medical Retirement Plan

- No retiree contributions required
- Eligible dependents include spouse/partner and children
- Benefits coordinated with Medicare for retirees age 65 and above
- Medical benefits are fully insured with UnitedHealthcare
  - Plan design is a PPO (90% network/80% out-of-network)

© 2011 NetApp, Inc. All rights reserved.

3

NETAPP 001827



# Medical Plan Design

| Benefit Provision | In-Network | Out-of-Network |
|---|---|---|
| Annual deductible | $250/$750 (indiv/family) | $250/$750 (indiv/family) |
| Office visit | $20 copay | 20% of charges[2] |
| Lab & X-ray | 10% of charges[1] | 20% of charges[2] |
| Outpatient services | 10% of charges[1] | 20% of charges[2] |
| Inpatient hospital | 10% of charges[1] | 20% of charges[2] |
| Emergency room | $100 copay | $100 copay or 20%[3] |
| Annual Out-of-Pocket Maximum | $1,500/$3,000[4] | $5,000/$10,000[4] |
| Lifetime maximum | Unlimited | Unlimited |

[1] Services are subject to calendar year deductible
[2] Services are subject to calendar year deductible and reasonable & customary charge limitations
[3] Care provided at in-network levels if it meets 'prudent layperson' definition of an emergency. Otherwise 20% of charges
[4] Includes plan deductible

© 2011 NetApp, Inc. All rights reserved.

4

NETAPP 001828