Clarissa A. Kang, No. 210660
Angel L. Garrett, No. 255682
TRUCKER ✦ HUSS
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA 94105
Telephone: (415) 788-3111
Facsimile: (415) 421-2017
E-mail: ckang@truckerhuss.com
agarrett@truckerhuss.com

Brian D. Murray, No. 294100
TRUCKER ✦ HUSS
A Professional Corporation
15760 Ventura Blvd, Suite 910
Encino, CA 91436
Telephone: (213) 537-1016
Facsimile: (213) 537-1020
E-mail: bmurray@truckerhuss.com

Attorneys for Defendant
NETAPP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GOMO, RICHARD CLIFTON, EDWARD DEENIHAN, DANIEL WARMENHOVEN, ROBERT SALMON, TOM GERSTENBERGER, AND TOM GEORGENS,<br><br>Plaintiffs,<br><br>vs.<br><br>NETAPP, INC., A DELAWARE CORPORATION, NETAPP EXECUTIVE MEDICAL RETIREMENT PLAN,<br><br>Defendants. | Case No. 5:17-cv-02990-BLF<br><br>**DEFENDANT NETAPP, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EQUITABLE REMEDIES**<br><br>Date: October 13, 2022<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Beth Labson Freeman<br>Complaint Filed: May 24, 2017<br><br>Trial: March 27, 2023 |

Plaintiff is not entitled to any equitable relief.  Because Plaintiff failed to address NetApp's arguments regarding equitable relief in the form of equitable estoppel or injunctive relief, he has conceded that he is not entitled to such forms of relief.  Plaintiff's Opposition addresses only surcharge and reformation, but neither remedy is available.  Plaintiff cannot show that there was any harm or causation which is required to establish surcharge; he also fails to establish that there was fraud or mutual mistake which is necessary for reformation.

## I.  The Existence Of A Breach Does Not Automatically Establish A Remedy.

Plaintiff argues that where there is a wrong, a remedy necessarily exists (Opp. at 3:14-25), but (1) no wrong has been established, and (2) Plaintiff does not seek appropriate equitable relief.  Whether or not NetApp breached its fiduciary duty by allegedly misrepresenting that the Plan provided lifetime benefits is not before the Court in this Motion.  And any conclusion or finding that NetApp incorrectly represented the benefits as lifetime does not mandate an award of appropriate equitable relief under 29 U.S.C. §1132(a)(3).  The Ninth Circuit has expressly held that a claim for "appropriate equitable relief" under §1132(a)(3) requires two elements: (1) a remediable wrong <u>and</u> (2) that the relief sought is appropriate equitable relief.  Opinion (Dkt. 103) at 16 (citing *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 954 (9th Cir. 2014)).  Plaintiff also ignores that *CIGNA Corp. v. Amara*, 563 U.S. 421, 440 (2011), established that potential equitable remedies must be "fitted to the nature of the primary right they were intended to protect," and not merely, as Plaintiff argues, that "equity suffers not a right to be without a remedy" (Opp. at 3:16-17).

Moreover, the equitable remedy of surcharge requires causation and harm, and reformation requires fraud or mistake.  *Gabriel*, 773 F.3d at 955 & 957-958.  Relying on Second Circuit law that conflicts with Ninth Circuit law, *see Villalobos v. Downey Grinding Co.*, 2021 WL 4439089, *6 (C.D. Cal. Aug. 9, 2021), Plaintiff incorrectly argues that reformation "is generally available" for ERISA violations (Opp. at 4:8-13), overlooking that the Ninth Circuit holds that reformation is available only where there is fraud or mistake.  Moreover, Plaintiff overlooks that the Ninth Circuit has expressly declined to adopt dictum from *Amara* that suggested that reformation might automatically flow from a finding that an employer misled its employees.  *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012) (reformation held not appropriate where the plaintiffs did not rely on

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

DEFENDANT NETAPP, INC.'S REPLY RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EQUITABLE REMEDIES; Case No: 5:17-cv-02990-BLF
7050084
1

1  the misleading information); *Petroff v. Ret. Benefit Plan of Am. Airlines, Inc.*, 2015 WL 13917970,
2  *8 (C.D. Cal. July 28, 2015).

## II.  Surcharge Is Unavailable For Any Failure To Disclose A Right To Terminate The Plan.

Plaintiff argues that his payment of his healthcare coverage is harm caused by termination of the Plan and therefore he has a viable claim for surcharge. In doing so, he misidentifies the alleged breach. The termination of the Plan is not the breach pled in the Complaint and argued to this Court and the Ninth Circuit. It cannot be. Plan termination is inherently not a fiduciary function and does not impose any ERISA fiduciary liability. *Lockheed Corp. v. Spink*, 517 U.S. 882, 891 (1996). Plaintiff incorrectly argues a basis for surcharge arising from either (a) NetApp's alleged unjust enrichment <u>from terminating the Plan</u> (presumably the purported savings by terminating the Plan) or (b) his payment of healthcare costs <u>after the Plan terminated</u>. Those "harms" have no causal connection to the alleged breach of fiduciary duty, which is NetApp's alleged misrepresentation of the benefits as lifetime benefits and alleged failure to disclose that the Plan could be amended or terminated at any time. Opinion (Dkt.103) at 16; Order (Dkt. 93) at 17:3-6 (quoting Complaint). No harm to Plaintiff resulted from this alleged failure to disclose because Plaintiff would have been in the same position – paying for his healthcare – regardless of whether NetApp disclosed its ability to terminate the Plan or not. Surcharge is meant to put a plaintiff in the position he would have attained but for the breach, and therefore, it is not an appropriate remedy here. *Gabriel*, 773 F.3d at 958.

## III.  No Fraud Or Mistake For Reformation Exists.

Plaintiff appears to concede any argument that his entitlement to reformation arises from fraud. Opp. at 4:14-16. He claims entitlement to reformation from mistake, which requires evidence that (1) "a mistake of fact or law affected the terms" of the Plan or (2) <u>mutual</u> mistake by NetApp and Plaintiff about the content and effect of the Plan. *Gabriel*, 773 F.3d at 955. No such evidence exists. The Plan document accurately captured NetApp's right to terminate the Plan at any time, consistent with the default legal principle that health benefit plans do not vest and can be amended at any time. *See* Dkt. 103 at 10 (citing *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)). Plaintiff offers no material issue of fact regarding mistake. First, Plaintiff attempts to create a disputed issue of fact by arguing that the deposition of Marge Correa, NetApp's Director of Compensation and

1  Benefits when the Plan was adopted, is contradictory. That is not the case. Plaintiff misconstrues
2  Ms. Correa's testimony regarding an "unlimited lifetime maximum" to be a statement that NetApp
3  created the Plan to provide benefits for participants' lifetimes. As Ms. Correa explained at her
4  deposition and as this Court recognized at the June 13, 2019 hearing on the parties' earlier summary
5  judgment motions, an "unlimited lifetime maximum" means that the insurance policy does not cap
6  the amount of benefits paid over the course of the insured's lifetime; it is not a representation that the
7  health benefits last for the participant's lifetime. *See* Trans. 6/13/19 Hrg. (Dkt. 100) at 40-42; Martin
8  Dec. (Dkt. 139-1), Ex. 1 (Correa depo.) at 26:13-19;
9  https://www.healthinsurance.org/glossary/lifetime-maximum-benefit-or-maximum-lifetime-benefit/
10 (visited on 7/19/22). Therefore, Plaintiff's cited testimony is not inconsistent with Ms. Correa's
11 testimony regarding her understanding that NetApp could terminate the Plan at any time. Kang Dec.
12 (Dkt. 132-2), Ex. B (Correa depo.) at 37:17-39:8.

13 Plaintiff's belief – even assuming, for the purposes of this Motion, that he did not know that
14 NetApp had the right to amend or terminate the Plan – was at most a unilateral mistake on his part,
15 which is insufficient to establish reformation, which requires mutual mistake. *Gabriel*, 773 F.3d at
16 955. Plaintiff asserts that he believed the PowerPoint presentations were the Plan (Opp. at 3:4-6 &
17 4:20-23), but this Court and the Ninth Circuit have already conclusively held that these presentations
18 are not the Plan. Plaintiff argues that NetApp's SEC filings establish NetApp senior management's
19 belief that the Plan could not be terminated during the participants' lifetimes, but such extrapolation
20 goes too far. None of the filings actually state that. *See* Martin Dec. (Dkt. 137-1) Exs. 2-8. Nor are
21 the SEC filings inconsistent with NetApp's legal right to amend or terminate the Plan. Plaintiff argues
22 that when NetApp notified Plaintiff of the intent to terminate the Plan, no one identified for him the
23 Plan language permitting the termination, but this purported fact lacks any significance. NetApp was
24 not obligated to explain its legal position, especially in light of a credible threat of litigation by
25 Plaintiff and others.

26 Defendant is entitled to summary judgment because no appropriate equitable relief exists.

27 DATED: July 26, 2022                TRUCKER ✦ HUSS
                                        By: /s/Clarissa A. Kang
28                                      Clarissa A. Kang, Attorneys for Defendant NETAPP, INC.